SUSSER, RESPONDENT, *v.* DELOVAGE ET AL., APPELLANTS.

(No. 5,670.)

(Submitted April 22, 1925. Decided May 9, 1925.)

[236 Pac. 1082.]

*Personal Injuries—Automobiles—When Driver Special Agent of Owner—Injuries Caused in Pursuit of Driver's Business —Nonliability of Owner.*

Automobiles—Owner not Liable for Injuries Caused by Driver While not Acting Within Scope of His Authority.
   1.   The owner of an automobile is not liable for injuries caused by his servant while driving the car, unless at the time of the accident

---

1. Liability of owner of automobile for acts or negligence of chauffeur or agent, see notes in 10 Ann. Cas. 732; 12 Ann. Cas. 972; Ann. Cas. 1914C, 1087; Ann. Cas. 1915D, 476; Ann. Cas. 1916A, 659; Ann. Cas. 1917D, 1001, 1008; Ann. Cas. 1918D, 241, 1134.

the driver was acting within the scope of his authority and in regard to his master's business.

Same—Driver Directed by Owner to Do a Particular Act was Special Agent for That Purpose.
2.  Where one not in the general employment of the owner of an automobile was directed by the latter to take the car to a prospective purchaser for the purpose of demonstration and then take it to the garage, he was the special agent of the owner for that and no other purpose.

Same—Driver Employed for Particular Purpose—Injuries Caused While Pursuing Private Business—Nonliability of Owner.
3.  Where the driver of an automobile was not in the general employment of its owner but was his special agent for the sole purpose of demonstrating the car to another, with direction to then take it to the garage, after demonstration did not return it to the garage but used it for his own purposes, the relation of master and servant ceased to exist between them, his possession of the car was wrongful, and for injuries caused by him in thereafter driving it to the garage as he had been directed in the first instance, the owner was not liable.

Motor Vehicles, 28 **Cyc.**, p. 39, n. 31, 33.

*Appeal from District Court, Silver Bow County; Wm. E. Carroll, Judge.*

Action by Mary Susser, by her guardian *ad litem,* Jack Susser, against Abe Delovage and others.   Judgment for plaintiff and defendants Delovage appeal.   Reversed and remanded, with direction to dismiss the complaint.

*Messrs. Frank & Gaines,* for Appellants, submitted a brief and one in reply to that of Respondent; *Mr. R. F. Gaines* argued the cause orally.

Ownership of an automobile and the owner's consent to its use by another do not impose liability upon such owner for injuries caused by its operation (*Clawson* v. *Schroeder,* 63 Mont. 488, 208 Pac. 924); at the time of the collision the driver was serving his own purposes.   Under such circumstances, even though

2.  As to who is responsible for negligence of chauffeur operating a leased or demonstrating car, see notes in Ann. Cas. 1916A, 673; 40 L. R. A. (n. s.) 457; 44 L. R. A. (n. s.) 113; 51 L. R. A. (n. s.) 1164. As to who is responsible for injury by car during demonstration or instruction by dealer, see note in 20 A. L. R. 194.

it be assumed that his original possession and use of the car was
with the knowledge of appellants and for their business ends,
this clear departure therefrom exonerates appellants from any
liability for his negligent actions. (*Fleischner* v. *Durgin*, 207
Mass. 435, 20 Ann. Cas. 1291, 33 L. R. A. (n. s.) 79, 93 N. E.
801; *Danforth* v. *Fisher*, 75 N. H. 111, 139 Am. St. Rep. 670,
21 L. R. A. (n. s.) 93, 71 Atl. 535; *Cannon* v. *Goodyear etc. Co.*,
60 Utah, 387, 208 Pac. 519; *Gousse* v. *Lowe*, 41 Cal. App. 715,
183 Pac. 295; *Solomon* v. *Commonwealth etc. Co.*, 256 Pa. 55,
100 Atl. 534; *Curry* v. *Bickley*, 196 Iowa, 827, 195 N. W. 617;
*Hill* v. *Staats* (Tex. Civ. App.), 187 S. W. 1039; *Healey* v.
*Cockrill*, 133 Ark. 327, 202 S. W. 229; *Patterson* v. *Kates*, 152
Fed. 481; *Eakins* v. *Anderson*, 169 Ky. 1, Ann. Cas. 1917D,
1003, 183 S. W. 217; *Savage* v. *Donovan*, 118 Wash. 692, 204
Pac. 805; *Stumpf* v. *Montgomery*, 101 Okl. 257, 226 Pac. 65;
*Symington* v. *Sipes,* 121 Md. 313, 47 L. R. A. (n. s.) 662, 88
Atl. 134; *Guthrie* v. *Holmes*, 272 Mo. 215, 198 S. W. 854;
*O'Brien* v. *Stern Bros.*, 223 N. Y. 290, 119 N. E. 550.)

*Mr. A. C. McDaniel* and *Mr. N. A. Rotering*, for Respondent,
submitted a brief; *Mr. Rotering* argued the cause orally.

Gleason was the servant of the appellants. He was sent by
the appellants with the car for a purpose connected with the
business of the appellants. A chauffeur sent with a car by the
owner and who is under the orders of the owner, is the servant
of the owner, and the owner is liable for the chauffeur's negli-
gence. (*McGuire* v. *Autocar Sales Co.*, 150 App. Div. 278,
134 N. Y. Supp. 702; *Hoffman* v. *Roehl*, 61 Mont. 290, 203 Pac.
349; *Frerker* v. *Nicholson*, 41 Colo. 12, 14 Ann. Cas. 730, 13
L. R. A. (n. s.) 1122, 92 Pac. 224; *Gerretson* v. *Rambler
Garage,* 149 Wis. 528, 40 L. R. A. (n. s.) 457, 136 N. W. 186;
*Shepard* v. *Jacobs*, 204 Mass. 110, 134 Am. St. Rep. 648, 26
L. R. A. (n. s.) 442, 90 N. E. 392; *Martin* v. *Maxwell-Briscoe
Motor Vehicle Co.*, 158 Mo. App. 188, 138 S. W. 65; *Burnham*
v. *Central Automobile Exchange* (R. I.), 67 Atl. 429; *Thomp-*

*kins* v. *Montgomery,* 123 Cal. 219, 55 Pac. 997; *Irwin* v. *Judge,* 81 Conn. 492, 71 Atl. 572; *Routledge* v. *Rambler Automobile Co.* (Tex. Civ. App.), 95 S. W. 749.)

The master is liable for any acts of negligence of which a servant may be guilty in managing or operating an automobile or other vehicle, after the personal affairs which constituted the object of his deviation have been disposed of, and he has begun to return to his master's premises, or to the point where he took his departure from the prescribed route, or has returned to the business of his master, or has again entered upon the discharge of his duties. (*Donohue* v. *Vorenberg,* 227 Mass. 1, 116 N. E. 246; *Slothower* v. *Clark,* 191 Mo. App. 105, 179 S. W. 55; *George* v. *Carstens Packing Co.,* 91 Wash. 637, 158 Pac. 529; *Ward* v. *Teller Reservoir & Irrigation Co.,* 60 Colo. 47, 153 Pac. 219; *Jimmo* v. *Frick,* 255 Pa. 353, 99 Atl. 1005; *Geraty* v. *National Ice Co.,* 44 N. Y. Supp. 659; *Bennett* v. *Busch,* 75 N. J. L. 240, 67 Atl. 188; *Guinney* v. *Hand,* 153 Pa. 404, 26 Atl. 20; *Weber* v. *Lockman,* 66 Neb. 469, 60 L. R. A. 313, 92 N. W. 591; *Winfrey* v. *Lazarus,* 148 Mo. App. 388, 128 S. W. 276.)

MR. JUSTICE STARK delivered the opinion of the court.

After stating that the plaintiff is a minor, and that Jack Susser had been duly appointed her guardian *ad litem,* the complaint in this action alleges in paragraph 3: "That on and prior to the thirtieth day of August, 1921, the said defendants Delovage were the owners of, in control of, and in possession of, a certain Cadillac automobile, which automobile was at all times so owned, controlled, and possessed by the said defendants Delovage for their own and their families' use; that on the said thirtieth day of August, 1921, and at all times on said date, the said William Gleason was in the service of the said defendants Delovage, in and about the operation and driving of said automobile for the said defendants Delovage, and at all times on said thirtieth day of August, 1921, the said William Gleason

was, with the knowledge, consent, and understanding of the defendants Delovage, and as their said servant and agent, driving and operating said automobile.'' It is then charged that on said August 30, 1921, while the plaintiff was riding along one of the streets of the city of Butte in a Ford automobile, driven by her father, the defendant Gleason, driving said Cadillac automobile, carelessly and negligently ran the same into the Ford automobile, as a result of which the plaintiff was thrown to the pavement and suffered injuries and damage.

The defendant Gleason filed an answer in which he denied the allegations of paragraph 3 above quoted, and likewise denied all the charges of negligence made against him in the complaint. The defendants Delovage filed a separate answer, in which they admitted their ownership of the Cadillac automobile, but denied that Gleason was acting as either their agent or servant or under any authority from either of them at the time of the collision of the two automobiles, and alleged that Gleason was driving the Cadillac automobile without their knowledge, authority, or consent, but that he was so driving the same solely and only as a trespasser, and without any right or authority so to do from any person or persons whomsoever.

The case was tried before a jury. At the close of all of the testimony the defendants Delovage made a motion for a directed verdict, which was denied. The jury returned a verdict in favor of the plaintiff and against all the defendants, upon which a judgment was duly rendered and entered. The defendants Delovage made a motion for a new trial, which was overruled, and they have appealed from the judgment. Defendant Gleason did not move for a new trial, and has not appealed.

The respondent has made a motion to dismiss the appeal. This motion has been considered and found to be without merit, and is overruled.

In their brief filed in this court appellants concede that defendant Gleason in driving the automobile at the time of the collision was negligent, as alleged in the complaint.

"It is well settled that, even though the driver of a car is a [1] servant of the owner of the car, the owner is not liable, unless, at the time of the accident, the driver was acting within the scope of his authority and in regard to his master's business." (*Stumpf* v. *Montgomery,* 101 Okl. 257, 32 A. L. R. [2] 1490, 226 Pac. 65.) In order to sustain the allegation of the complaint that Gleason was acting as the agent or servant of the appellants at the time of the collision, the plaintiff introduced testimony of Otto Binder, who said that at about 6:30 o'clock in the evening of the accident he overheard a conversation between the appellant Abe Delovage and the defendant Gleason, concerning which he testified: "I heard Abe Delovage tell Gleason to take the Cadillac car to Dr. McCarthy for a demonstration; after the demonstration take the car to the Broadway Garage." And also the testimony of the guardian *ad litem,* Jack Susser, who testified that on the twentieth day of February, 1924, he had a conversation with the defendant Abe Delovage in the corridor of the courthouse at Butte, in which the following occurred: "I asked Abe Delovage the question why was Gleason driving his car that night, and Abe said: 'I told Gleason to take my car to Dr. McCarthy's home, demonstrate it, and then take her back to the garage. When he was taking it back to the garage is when he hit you.'"

Accepting the statements of Susser and Binder as being true, they merely show that Gleason was made the agent of the appellants for a particular act or transaction; namely, to take the automobile to Dr. McCarthy's for a demonstration and then take it to the Broadway Garage. This constituted him a special agent. (Sec. 7930, Rev. Codes 1921.) He was not in the general employment of the appellants, and his connection with their business, if any, was only to the extent indicated by the above statements.

There are three assignments of error, but in our view it is
[3] only necessary to consider one of them, namely, whether
the court erred in denying appellants' motion for a directed
verdict, and this raises the question of the sufficiency of the evi-
dence to sustain the verdict and judgment against the appel-
lants.

The basis of appellants' motion for a directed verdict was
that the evidence wholly failed to show that at the time of the
occurrence of the accident made the basis of the suit the de-
fendant Gleason was driving the automobile of the appellants
in furtherance of any business of them or either of them.

There was a sharp conflict in the evidence as to the manner
in which defendant Gleason came into possession of appellants'
automobile on the evening of the accident, but, accepting the
plaintiff's version as being correct, it placed him in its posses-
sion, at about 6:30 P. M., starting to drive west on Park
Street, but it did not show where he went or what he was doing
from that time until about 9 o'clock P. M., or two and one-half
hours later. The law would not indulge in the presumption
that during that period of time he was furthering the business
of the appellants. This fact would have to be established by
evidence.

Even though Gleason were following the instructions alleged
to have been given to him by the appellant Abe Delovage dur-
ing the first hour of this period, and was then in fact demon-
strating the automobile to Dr. McCarthy, when he had concluded
his task in that connection it was his duty forthwith to deliver
the possession of the automobile to the appellants by returning
it to the Broadway Garage, where, according to the evidence,
they kept it. That was his final duty to appellants. This
duty he did not perform. On the contrary, the undisputed evi-
dence introduced on the part of the appellants showed that at
7:30 or 7:40 o'clock P. M. Gleason was in the automobile driv-
ing to Three Mile, making a round trip of six miles for his
own purposes; that returning from Three Mile, soon after 8

o'clock, he had the automobile at 444 West Broadway, where he took in two friends, and at about 8:10 or 8:15 o'clock started for Nissler, distant five and one-half miles, making a round trip of eleven miles which trip was likewise for his own purposes, and not in any way connected with the business of the appellants; that he returned from this trip to 444 West Broadway shortly before 9 o'clock, from which point he proceeded to take the automobile back to the garage, and had driven east to a point distant about one city block from it when the collision occurred.

Keeping in mind the fact that Gleason was not in the general employment of the appellants, but was only their agent or servant for a particular act or transaction, when he took the automobile on his joy ride to Three Miles and Nissler, a trip of more than seventeen miles, he wholly abandoned the business of appellants, the relation of master and servant ceased to exist between them, and the doctrine of *respondeat superior* had no further application. From the time Gleason started on his trip to Three Miles his possession of the car was wrongful, as much so as though he had in fact returned it to appellants at the Broadway Garage and then taken it out again without their knowledge or consent.

This case does not present the situation of a mere disobedience of the master's instruction, or one where there has been a slight deviation from the master's business for the personal purposes of the servant, and the rules governing such situations have no application here.

It is true Gleason testified that, when the collision occurred, he was returning the automobile to the Broadway Garage, and on this statement counsel for respondent predicate their argument that he was then engaged in the business of the appellants. But this is not the fact. At least an hour before starting to return the automobile to the garage he had wholly abandoned the appellants' business for purposes of his own, and during that time was wrongfully in its possession. His pos-

session during that time was not that of a servant of appellants, but as a wrongdoer. He had no more right to its possession during that time than as though he had originally stolen it.

In the case of *Cannon* v. *Goodyear Tire & Rubber Co.*, 60 Utah, 346, 208 Pac. 519, the facts were that the driver of defendant's auto truck, on a Saturday, in the performance of his regular services, delivered a package at a railway station at 1:30 P. M., after which it became his duty to immediately return the truck to defendant's garage, and from then until the following Monday morning his time was his own. After delivering the package, instead of returning the truck to the garage, as was his duty, he drove to his own home some distance away, used the truck for his own purposes during the balance of the afternoon, and at about 6 P. M. started to return the truck to the defendant's garage, going by way of the station where he had delivered the package. After passing the station he negligently collided with an automobile, and it was held that the defendant owner of the truck was not liable for this negligent act, because at the time of the collision the driver's possession of the truck was wrongful, and he was not engaged in the discharge of any duty to the defendant in returning the truck to the garage, but was only discharging the duty imposed upon him by law to restore to the owner property which had been unlawfully withheld. The theory adopted in that case is applicable to the facts in this case. Gleason having the automobile wrongfully in his possession, it was his legal duty to restore it to the appellants, and it was in the discharge of such duty, not as appellants' servant or agent, that he was driving the automobile back to the garage when the collision occurred.

Since the evidence wholly failed to sustain the plaintiff's contention that at the time of the collision the defendant Gleason was engaged in the performance of any business for the appellants as their servant, agent or employee their motion for a directed verdict should have been sustained.

Upon the undisputed facts disclosed in the evidence the plaintiff is not entitled to recover anything from the appellants, for which reason a new trial of the action is not necessary.

The judgment is reversed as to the appellants and the cause remanded to the district court, with direction to dismiss the complaint as to them.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and MATTHEWS concur.

Rehearing denied June 10, 1925.