GAGNON, APPELLANT, *v.* JONES ET AL., RESPONDENTS.

(No. 7,516.)

(Submitted November 7, 1936. Decided November 20, 1936.)

[62 Pac. (2d) 683.]

*Mr. John A. Stagg* and *Mr. S. P. Wilson,* for Appellant, submitted a brief; *Mr. Wilson* argued the cause orally.

*Mr. William R. Taylor,* County Attorney of Deer Lodge County, and *Mr. J. B. C. Knight,* for Respondents, submitted a brief; *Mr. Knight* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On December 31, 1933, at 9:30 P. M., a county truck driven by Charles Jones, superintendent of the county poor farm, collided with plaintiff's car in the city of Anaconda. Plaintiff sued Jones and Deer Lodge County jointy for damages for injuries resulting from the collision, and on a trial of the action secured a verdict and judgment against Jones; the court, how-

ever, directed a verdict in favor of the county. Plaintiff appeals from the judgment.

The only question presented by this appeal is as to whether or not the court erred in taking the case from the jury as to the county.

The evidence is undisputed to the following effect: Jones was required to work at the poor farm but the customary eight-hour day, except in case of an emergency; the truck involved was furnished him for use in connection with his work, and for no other purpose. On the night in question Jones and his wife took the truck for the sole purpose of visiting Jones' mother in Anaconda. On this trip he consumed county gasoline and oil and had no authority from his superiors, the board of county commissioners, to use the truck.

The position taken by able counsel for the plaintiff is ingenious; it is presented upon the assumption that Jones, in his capacity of superintendent of the county farm, is a public officer, citing *Tucker's Appeal*, 271 Pa. 462, 114 Atl. 626. On that premise it is argued that the disputable presumptions declared in section 10606, Revised Codes, (1) that a person is innocent of wrong, and (15) that official duty has been regularly performed, (20) that the ordinary course of business has been followed, and (33) that the law has been obeyed, have the effect of evidence, and, coupled with the fact disclosed that Jones had no authority to use the county truck for his personal affairs or to consume county gasoline and oil, made out a prima facie case against the county, against which the positive testimony but created a conflict in the evidence which the jury could have resolved in favor of the presumptions (sec. 10672, Rev. Codes); they cite many cases to the effect that, in the circumstances, the court had no authority to take the case from the jury.

Conceding the correctness of the rules contended for, it does not follow that the conclusion reached is tenable. Initially, the premise on which the argument is based is not supported by the single case cited; that case but holds that ''overseers

or directors" of the county poor, who are the duly elected members of the board of county commissioners in certain counties in Pennsylvania, are, in view of the powers and duties conferred upon them, "public officers" whose salaries cannot be increased during the term for which they were elected.

Jones was not a public officer within the definitions of that ██ term recognized in this state; he was merely an employee of the county. Here "the board of county commissioners are vested with the entire and exclusive superintendence of the poor" (sec. 4521, Rev. Codes) ; they may establish and conduct a poor farm (sec. 4534, Id.) ; the discretion in the conduct and control thereof is theirs, acting, if necessary, through agents. (*Jones* v. *Cooney*, 81 Mont. 340, 263 Pac. 429.)

The "officers" of a county are enumerated in section 4725 of the Revised Codes, and the test for determining whether an appointee is a public officer has been declared by this court. (*State ex rel. Nagle* v. *Page*, 98 Mont. 14, 37 Pac. (2d) 575; *State ex rel. Barney* v. *Hawkins*, 79 Mont. 506, 257 Pac. 411, 53 A. L. R. 583.)

We recognize the rule that a presumption has the effect of ██ evidence, and that whether sworn testimony to the contrary is sufficient to rebut it is a question for the triers of fact, but this rule is subject to the exception that "where the facts proved are overwhelmingly against the presumed facts and permit of but one rational and reasonable conclusion," it becomes a question of law for the court and not one of fact for the jury. (*Nichols* v. *New York Life Ins. Co.*, 88 Mont. 132, 292 Pac. 253; *Renland* v. *First Nat. Bank*, 90 Mont. 424, 4 Pac. (2d) 488; *McMahon* v. *Cooney*, 95 Mont. 138, 25 Pac. (2d) 131.)

Herein certain of the presumptions relied upon are inapplicable because of the fact that Jones was not an official of the county, and the remaining ones "fade away" in the face of positive testimony to the contrary and render a directed verdict in favor of the county proper. (*Monaghan* v. *Stand-*

*ard Motor Co.*, 96 Mont. 165, 29 Pac. (2d) 378, and cases cited.)

It has always been the rule in this jurisdiction that, even ██ though there be conflicting evidence in the record, if the evidence is in such a condition that the court would be in duty bound to set aside any verdict that might be rendered thereon for the plaintiff, the court may direct a verdict for the defendant. (*McIntyre* v. *Northern Pacific Ry. Co.*, 56 Mont. 43, 180 Pac. 971; *Schwab* v. *Peterson*, 80 Mont. 214, 260 Pac. 711.) Such was the condition in the present case; the positive and undisputed evidence is that at the time of the accident the defendant Jones was not acting within the scope of his authority as an employee of the county, nor in regard to his master's business. Under this proof the county was not liable for the delinquency of its servant. (*Susser* v. *Delovage*, 73 Mont. 354, 236 Pac. 1082; *Hoffman* v. *Roehl*, 61 Mont. 290, 203 Pac. 349, 20 A. L. R. 189.)

The court did not err in directing the verdict.

Judgment affirmed.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.