[Crim. No. 226. Second Appellate District.—February 24, 1912.]

THE PEOPLE, Respondent, v. JOSEPH LILLARD, Appellant.

CRIMINAL LAW—MURDER—CONVICTION OF MANSLAUGHTER—KILLING OF FLEEING FELON—CRIMINAL NEGLIGENCE NOT ESTABLISHED—VERDICT UNSUPPORTED—REVERSAL.—Upon a prosecution for murder, where the defendant was convicted of manslaughter and the evidence establishes without conflict that the deceased had committed a felony and was fleeing from the pursuit of citizens with a view to apprehend, him, of whom defendant was one, who commanded him to halt, which he refused to do, whereupon defendant fired the fatal shot, it is held that the evidence wholly fails to establish any criminal negligence on defendant's part, which must be proved beyond a reasonable doubt, to warrant the verdict, that there is no evidence warranting the conviction, and that the judgment must be reversed.

ID.—JUSTIFIABLE HOMICIDE.—Under section 197 of the Penal Code, homicide is justifiable when necessarily committed in attempting, by lawful ways and means, to apprehend any person for any felony committed; and the general rule is that even a private person is justified in killing a fleeing felon who cannot otherwise be taken if he can prove that the person is actually guilty of a felony.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

Thomas Scott, Fred J. Spring, and J. R. Dorsey, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—Defendant was informed against by the district attorney of the county of Kern for the crime of murder. Under a plea of not guilty trial was had by a jury, which by its verdict found defendant guilty of manslaughter. By the judgment of the court he was sentenced to the penitentiary for a term of ten years. From this judgment defendant appeals.

The undisputed facts presented by the record are these: About the 20th of January, 1911, one Rosa Brown, a prostitute, living in what is known as the tenderloin district of Bakersfield, was attacked in her house by deceased, who assaulted her with the evident intent of robbery, knocking her to the floor, and when the woman began to scream "murder" and "police," deceased ran from the house. The woman continued her screams of "stop thief," "murder," "police," and these cries were taken up by a crowd upon the streets. Deceased continued to run down the street, when defendant, who was a bartender in a saloon located in the same red-light district, hearing the woman's cries, and seeing the man running and the crowd following thereafter, and believing that a crime had been committed and that the fleeing man was the criminal, took a pistol which was lying upon a shelf behind the bar and ran into the street, joining in the pursuit. The defendant seemed to be in the lead of the crowd, and deceased paid no attention to the demands to stop, and about the time he was reaching a dark place in the street, when at a distance of about forty feet or more ahead of defendant, defendant fired a shot, from the effects of which deceased's death ensued. Immediately after firing the shot a police officer and others came up and defendant told them that the man was "lying over there," pointing to the place where the deceased was lying, and said, "I got him." Whether this last statement was voluntarily made, or was in response to a question of the police officer, is not clear. Defendant, however, said to the police officer: "If I am wanted, I will be at the Bowling Alley saloon." He immediately returned to the saloon, replaced the weapon on the shelf, and a few minutes thereafter the officers came

in and arrested him. There is and can be no question from
the record that a felony had been committed; that the de-
ceased had committed the felony; that the defendant had
reason to believe and did believe these facts, and that he
pursued the deceased with the intent to capture him, and
for no other purpose. The defendant had no acquaintance
with the woman who was the victim of the attempted high-
way robbery; no acquaintance with the deceased, and no
fact even suggesting in the most remote degree any motive
on the part of defendant, other than a lawful one of appre-
hending a felon, is to be found in the record. The court
very properly charged the jury that if the defendant saw
the deceased running at night and heard persons crying
out "stop him," "catch him," "he did it," "he is the
robber," and the deceased being ordered by defendant three
or four times to stop and he refused to do so and continued
his flight, then the defendant had reasonable cause to be-
lieve the deceased had committed a felony. The jury were
further instructed that a private person may arrest without
a warrant one who has committed a felony, if he has reason-
able cause for believing the person arrested to have com-
mitted it, and that an arrest may be made by a peace officer
or by a private person. Further, that such peace officer
or private person in making the arrest may use such force as
is necessary to arrest the felon, even to the extent of kill-
ing him when in flight. Further, that to warrant a private
citizen in making an arrest without a warrant there must
exist a state of facts that would lead a man of ordinary care
and prudence to believe or entertain an honest and strong
suspicion that the person is guilty. This last instruction, in
view of the uncontradicted evidence establishing probable
cause, might, if standing alone, have misled the jury through
the suggestion that the question of probable cause under
such circumstances was one of fact, but considering such in-
struction with the first instruction given, which was to the
effect that from the evidence, as a matter of law, probable
cause for making the arrest existed, we can see no prejudice
necessarily resulting. The only question of fact presented
to the jury related to the matter of criminal negligence. A
careful examination of the record fails to disclose any evi-
dence tending to establish criminal negligence, a fact which

must be established beyond a reasonable doubt in order to warrant conviction. Section 197 of our Penal Code provides that homicide is justifiable when necessarily committed in attempting, by lawful ways and means, to apprehend any person for any felony committed. Wharton on Homicide declares the rule, and quotes abundant authority in its support: "Even a private person is justified in killing a fleeing felon who cannot otherwise be taken, if he can prove that the person is actually guilty of the felony." (Sec. 492.) We are of opinion that the uncontradicted evidence in this case fails to establish beyond a reasonable doubt, or otherwise, criminal negligence upon the part of the defendant. If officers and citizens are to be punished for an effort to suppress crime and to bring to justice those who commit offenses against the law, it is but offering a premium for crime. The facts appearing in the record that the woman attacked was a prostitute, and that defendant was a bartender, have no signification. Whatever may have been their employment in life, they were and are entitled to the same protection of life and liberty as other citizens, and the defendant, regardless of such occupation, possessed the same right as any other private citizen to apprehend the deceased, who had been guilty of a felony.

We are of opinion, therefore, that there is no evidence in this case warranting the defendant's conviction and supporting the judgment, and the judgment is reversed.

James, J., and Shaw, J., concurred.