Annie Kitz, Executrix, Appellee, v. Scudder Syrup Company, Appellant.

Gen. No. 21,307.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed June 19, 1916. Rehearing allowed and additional opinion filed July 17, 1916.

## Statement of the Case.

Action by Annie Kitz, executrix of the estate of Jacob Kitz, deceased, plaintiff, against Scudder Syrup Company, a corporation, defendant, to recover for the negligent death of plaintiff's husband. From a judgment for plaintiff for $4,500, defendant appeals.

A servant of the defendant took its delivery car from its place of business at 154 West Erie street, some time after business hours, picked up a Miss Lewis on La Salle avenue near the park, and, while driving west on Wellington street across Lincoln street, struck the Ford car which plaintiff's testate was driving.

The suit was originally brought against the defendant and its driver, but at the close of plaintiff's case it was dismissed as to the latter on plaintiff's motion. Defendant called the driver to prove the facts and circumstances connected with the accident, and at the close of his testimony, in chief, asked the following question: "Where were you going on that trip?" to which the driver responded: "Why, it was a brand new machine and I was out for a little advertisement; the boss always would say 'take it out.' It was a warm evening and I was taking a little spin." This witness testified further on cross-examination as follows:

Q.  "Where did you get that license, who furnished it?"  A.  "Scudder Syrup Company bought it for me.

They thought it would be a good piece of advertising.''

Q. ''When you say a good piece of advertising what do you mean by that?'' A. ''Well, Mr. Scudder would always talk about the machine standing in there. 'If you have any time,' he said, 'take it out and keep it out on the road. It is good advertising.' It was lettered up nicely advertising the Scudder Syrup Company. The car was brand new, in fine condition. If it was not, I would not have taken it out.''

Q. ''That is what you were doing that night, for the purpose of advertising?'' A. ''Yes, sir.''

Q. ''At the request of Mr. Scudder?'' A. ''Yes.''

Scudder was afterwards put on the stand with the evident purpose of denying this conversation, but as he was financially interested in the company, the court excluded his testimony.

WILLIAM R. T. EWEN, for appellant; LANNEN & HICKEY, of counsel.

C. HELMER JOHNSON, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. WITNESSES, § 93*—*how statute relative to testimony of party in interest against representative of estate of deceased person construed.* Hurd's Rev. St. ch. 51, sec. 2 (J. & A. ¶ 5519), relative to the testimony of a party to a civil action or a person directly interested against the representative of a deceased person, should be construed according to its spirit and not literally or technically.

2. WITNESSES, § 140*—*when testimony of witness is in behalf of a representative of deceased person.* In an action by the executrix of a deceased person against a corporation, the owner of a delivery automobile, for damages for negligent death of testate due to the negligent driving, of the car after business hours, by a servant where the chauffeur on his direct examination, as a witness for the defendant and in response to a question as to where he was going on the trip, volunteered the statement that he had been

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

instructed to take out the machine for advertising purposes, and he was cross-examined further regarding this conversation by the plaintiff, *held* that the testimony of the witness as to the alleged conversation, both the volunteered statement and those brought out on cross-examination, constituted testimony of a witness in behalf of the executrix, within Hurd's Rev. St. ch. 51, sec. 2, subd. 4 [J. & A. ¶ 5519 (4) ], so as to render admissible the evidence of the officer of defendant, with whom the conversation was held, as to such conversation.

3. WITNESSES, § 286*—*when party may introduce evidence contradictory to testimony of his own witnesses*. While a party may not discredit his own witness by general evidence, he is not precluded from putting in evidence contrary to the testimony of one of his own witnesses even though the incidental effect of such testimony is to impeach or discredit a witness already examined in his behalf.

### On Rehearing.

AUTOMOBILES AND GARAGES, § 3*—*when evidence sufficient to sustain finding that driver of automobile not using automobile on master's business*. In an action for the negligent death of a person alleged to have been caused by an automobile driven after business hours by a servant of the owner, evidence *held* sufficient to sustain a finding that the driver was not using the automobile on his master's business at the time of the accident.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.