[Civ. No. 2830. First Appellate District, Division One.—April 23, 1919.]

## A. B. GRANTHAM, Appellant, v. W. F. ORDWAY et al., Respondents.

[1] Nonsuit—When Proper.—A court may grant a nonsuit only when, disregarding the conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, therein indulging in every legal inference which may be drawn from the evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff if such verdict was given.

[2] Evidence—Presumptions.—Whenever under a given state of facts a presumption arises, such presumption is itself evidence.

[3] Id.—Conflict of Evidence.—A presumption, even if disputable, will raise a conflict which is sufficient to support a finding made in accordance therewith, even though there be evidence to the contrary. Whether a presumption has been controverted is a question of fact.

[4] Employer and Employee—Liability for Torts.—Where a servant, acting within the general scope of his employment and authority, injures one, the employer may be held liable.

[5] Id.—Driving of Automobile—Scope of Employment—Presumption—Conflicting Evidence—Question for Jury.—Where it is admitted that the automobile which struck the plaintiff belonged to the defendant employer and that the person driving was its employee, the presumption arises that such person was acting within the general scope of his authority; and such presumption is not

destroyed as a matter of law by the testimony of such employee that he was acting on his personal business. The question of whether he was so acting becomes a question of fact for the jury to decide.

[6] NEGLIGENCE — PERSONAL INJURIES BY AUTOMOBILE — ACTION FOR DAMAGES — PRIMA FACIE CASE AGAINST EMPLOYER — NONSUIT — ERROR.—In an action for damages for personal injuries received through being struck by an automobile driven by an employee of a corporation, proof of the ownership of the automobile by the corporation and its operation at the time of the accident by such employee establishes a *prima facie* case against the corporation; and where the testimony of such employee is not so convincing, or free from justifiable doubt, as to amount to an admission by the plaintiff, who offers his testimony in evidence, or to eliminate the presumption that such employee at the time of the collision was engaged upon the business of his employer, the trial court commits error in granting a nonsuit as to the corporation.

APPEAL from a judgment of the Superior Court of Fresno County. Geo. E. Church, Judge. Reversed.

The facts are stated in the opinion of the court.

A. M. Drew for Appellant.

Manning, Thompson and Hoover for Respondents.

WASTE, P. J.—This is an appeal by the plaintiff from that portion of the judgment, entered by the court in the above case, giving defendant Pacific Acreage Company, a corporation, judgment on motion for nonsuit.

Plaintiff was injured, during the business hours of the day, by an automobile driven by the defendant Ordway, and admittedly owned by the defendant Pacific Acreage Company, as to which defendant the nonsuit was granted. It was likewise admitted that at the time of the accident Ordway was in the employ of the Pacific Acreage Company, the disclaimer of liability by that defendant resting upon the denial that at that time Ordway was the agent of the company, or acting within the scope of his employment.

In addition to these admissions, it was shown that Ordway was the son of the president of the Pacific Acreage Company and was the general manager of the company's ranch, located near Fresno. His work was mainly in managing operations on the ranch, he purchasing supplies and having men working

under him.  He testified that he ''came and went as he chose, so long as he kept the business of the Pacific Acreage Company moving and attended to.  He went to town and various other places, as he saw fit.  Nobody dictated to him when he should go and when he should come back.''  He used the automobile of the company, apparently, as he pleased, and in going about for the purpose of purchasing the necessary supplies for the ranch and attending to its business.

Plaintiff introduced the deposition of the defendant Ordway, as part of his case, in which Ordway testified that on the morning of the accident he had driven from the Pacific Acreage Company's ranch in the automobile to Fresno, for the sole purpose of purchasing a banjo, which he had previously ordered; that, the purchase concluded, he did not remember having stopped at any other place in town; that the purchase of the banjo was his main object, and, that accomplished, that was all he was thinking of; that he made no purchases for the Pacific Acreage Company and did nothing whatsoever for the company.

In support of his claim that the court erred in granting the motion for nonsuit on the foregoing testimony, the appellant relies upon the manifest conflict, arising in the case from the weight which must be given certain presumptions, as to the liability of the defendant Pacific Acreage Company resulting from the admitted facts in the case, as against the testimony of defendant Ordway tending to completely overthrow such presumptions.

[1] ''A court may grant a nonsuit only when disregarding the conflicting evidence, giving to plaintiff's evidence all the value to which it is legally entitled, therein indulging in every legal inference which may be drawn from the evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff if such verdict was given.'' (*Perera* v. *Panama-Pacific Int. Exp. Co.*, 179 Cal. 63, [175 Pac. 454].)

[2] Whenever under a given state of facts a presumption arises, such presumption is itself evidence.  Courts and jurors are not bound to decide in conformity with the declaration of any number of witnesses, which do not produce conviction in their minds, against a less number, or against a presumption, or other evidence, satisfying their minds. (Code Civ. Proc., sec. 2061, subd. 2.)   [3] A presumption,

even if disputable, will raise a conflict which is sufficient to support a finding made in accordance therewith, even though there be evidence to the contrary. Whether a presumption has been controverted is a question of fact. (*Fanning* v. *Green,* 156 Cal. 279, [104 Pac. 308]; *Moore* v. *Gould,* 151 Cal. 726, [91 Pac. 616]; *People* v. *Milner,* 122 Cal. 171, [54 Pac. 833]; *People* v. *Siemsen,* 153 Cal. 390, [95 Pac. 863].)

Section 1963 of the Code of Civil Procedure is as follows:

"All other presumptions are satisfactory, if uncontradicted. They are denominated disputable presumptions, and may be controverted by other evidence. The following are of that kind: . . .

"20. That the ordinary course of business has been followed."

[4] The general principle, that where a servant, acting within the general scope of his employment and authority, injures one, the employer may be held liable, is not disputed in this case, the respondents' contention, as before indicated, being that at the time of the accident the defendant Ordway had departed from the usual line of his employment and was transacting business purely personal, and having no relation to the business of his employer.

[5] Under the decisions of this and other states, however, from the admitted fact of ownership of the automobile by defendant Pacific Acreage Company and its employment of Ordway, a presumption arose that Ordway was acting within the general scope of his authority, to such an extent as to bind his employer. Upon these facts being admitted in the case, the question as to whether Ordway was so acting became a question for the jury to decide. (*Adams* v. *Wiesendanger,* 27 Cal. App. 593, [150 Pac. 1016].) The automobile being admitted to belong to the defendant Pacific Acreage Company, a presumption arose that it was used for its benefit and on its own account. That presumption was not destroyed as matter of law by the testimony of defendant Ordway. "Even though his explanation of the use of the car would absolve him if credited, the question of whether it should be credited was one of fact for the jury." (*Schreiber* v. *Matlack,* 90 Misc. Rep. 667, [154 N. Y. Supp. 109]; *Ferris* v. *Sterling,* 214 N. Y. 249–253, [Ann. Cas. 1916D, 1161, 108 N. E. 406].) In the latter case there was much conflicting testimony, and the court held that the fact that defendant was

owner of the automobile, and the chauffeur in his employ to operate it, was sufficient to make out a *prima facie* case that the chauffeur was acting within the scope of his employment at the time of the accident, but that the *prima facie* showing was not conclusive, and if the testimony of the chauffeur that he took the automobile for his own business was true the owner was not responsible. In an action for injuries to plaintiff by being struck by an automobile operated by a chauffeur, in considering whether the car was being used at the time for the purposes of the corporation of which defendant was president, or for his own purposes, or by the chauffeur for purposes authorized by neither the corporation nor the defendant, the most favorable view for the defendant which can be taken on appeal is that such question was for the jury to determine. (*Benn* v. *Forrest,* 213 Fed. 763, [130 C. C. A. 277].)

The case of *Jessen* v. *Peterson, Nelson Co.,* 18 Cal. App., at page 353, [123 Pac. 221], is instructive as showing the kind of evidence sufficient to support a verdict in this class of cases. The plaintiff, there, was struck by a horse and buggy owned by the defendant and driven by its vice-president. It was contended that the evidence was insufficient to support the judgment in that it failed to show that the person in charge of the horse and buggy was, at the time of the accident, in any wise occupied in the performance of any duty relating to the business of the defendant. On the appeal this court said:

"It was an admitted fact in the case that the horse and buggy belonged to the corporation defendant, and that the driver, Charles Nilson, 'was an officer of the defendant who had the right to operate the buggy.' Nilson was the vice-president of the defendant, and testified as a witness in its behalf. Upon his cross-examination it developed that in the performance of his duties as vice-president he 'had no regular hours whatsoever; that he had to go around all over the city sometimes; had to go out to the park and Richmond, where the corporation was working at the time; had to go everywhere and see that the work was all right.'

"From this it would appear that in addition to being vice-president of the defendant, Nilson was also the general superintendent of its work, and that in the performance of his duties he was granted a roving commission which permitted

him to look after the business of the defendant at the times
and in the manner which best suited his own convenience.
It is the accepted rule in this and other jurisdictions that
where an employee is intrusted with the possession and oper-
ation of a vehicle, with permission to use it at his discretion
in the business of the employer, the latter will be held re-
sponsible in damages for injuries inflicted upon the person
of another resulting from the negligence of the employee in
the use and operation of the vehicle; and in such a case it is
not necessary for the person seeking damages to prove that
at the time of the injuries the employee was engaged in ex-
ecuting any particular business or specific command of his
principal. That the employee, at the time of the commission
of the tort, was acting within the general scope of his em-
ployment, and that the injury occurred as the result of his
negligence, is all that need be shown in order to charge his
employer with liability for such injury. (*Mulvehill* v. *Bates,*
31 Minn. 364, [47 Am. Rep. 796, 17 N. W. 959]; *Rahn* v.
*Singer Mfg. Co.,* 26 Fed. 912; *Riordan* v. *Gas Consumers'
Assn.,* 4 Cal. App. 639, [88 Pac. 809].) ''

The court held ''that the testimony of Nilson, coupled with
the admitted fact that the defendant was the owner of the
horse and buggy, and had conferred upon Nilson the right
of using the same in its business, sufficiently supports the
trial court's finding that the horse and buggy were owned by
the defendant, and 'wholly in the possession and under the
control of the defendant' at the time of the accident.''

In the case of *Riordan* v. *Gas Consumers' Assn., supra,*
the court with approval quoted from the case of *Mulve-
hill* v. *Bates, supra,* where, in speaking of the liability of
a defendant for the negligence of a driver, while engaged
in carrying a load of poles for himself, the court said:
''But here the wagon was intrusted, generally, to the driver,
to be used entirely at his discretion.'' In *Rahn* v. *Singer
Mfg. Co., supra,* the court said: ''In order to fix respon-
sibility of the defendant, it is not necessary for the plain-
tiff to prove that the servant, for whose tort he seeks
damages, was at the time of the commission of the tort en-
gaged in executing specific commands of the defendant. It
is enough for him to prove that the servant was acting within
the general scope of his employment, but this much is neces-
sary. If the usage of the parties, under the servant's con-

tract of hiring, was of such a character that it allowed the servant to attend to his duties on such terms as suited his convenience, and at the time of the commission of the tort he was engaged in his own private business, but at the same time was pursuing the defendant's business in the service for which he was employed, the defendant would still be liable.''

[6] The admitted facts in the case as to the ownership of the automobile by defendant, the Pacific Acreage Company, and its operation at the time of the accident by its manager, established a *prima facie* case against the company. In anticipation of the trial, the defendant took the deposition of Ordway. Plaintiff, as part of his case, read this deposition to the jury. From this deposition, the facts as hereinbefore set out, relating to his employment by the Pacific Acreage Company, and other circumstances, were established. It was shown thereby that at the time of the accident Ordway was operating the automobile of the defendant Pacific Acreage Company, under a contract of hiring of such character that it allowed him to attend to his duties as manager at such time and in such manner which best suited his own convenience. He enjoyed a ''roving commission'' and was intrusted with the possession and operation of the vehicle with permission to use it at his discretion in the business in which he was employed. (*Rahn* v. *Singer Mfg. Co., supra; Jessen* v. *Peterson, Nelson Co., supra.*)

Under the admitted circumstances of Ordway's employment, we are not willing to hold that his testimony as to the manner in which he performed his duties connected therewith and his rather uncertain testimony as to his movements following the consummation of the personal business, which he claims brought him from his employer's ranch some distance into the city of Fresno, on the day of the accident, is so convincing, or free from justifiable doubt, as to amount to an admission by plaintiff, or to eliminate the presumption that Ordway at the time of the collision was engaged upon the business of his employer. (*Ferris* v. *Sterling, supra.*)

Furthermore, plaintiff is not bound by Ordway's testimony. ''A party to the record of any civil action . . . may be examined by the adverse party as if under cross-examination, subject to the rules applicable to the examination of other witnesses. The party calling such adverse witness

shall not be bound by his testimony, and the testimony given by such witness may be rebutted by the party calling him for such examination by other evidence.'' (Code Civ. Proc., sec. 2055.)

The judgment in favor of the defendant Pacific Acreage Company is reversed.

Richards, J., and Nourse, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1919.