[S. F. No. 14173. In Bank.—April 24, 1931.]

ALINDA PONCINO, Administratrix, etc., Appellant, v. REID-MURDOCH & COMPANY (a Corporation), Respondent.

326

Edwin H. Williams and Jewel Alexander for Appellant.

George L. Stewart and Jessie H. Miller for Respondent.

PRESTON, J.—This action is by plaintiff, as administratrix of the estate of her deceased husband, to recover damages for his death, resulting from the alleged negligent and careless operation of an automobile driven by defendant Walker, an employee of defendant corporation. Trial was had before a jury. A nonsuit, with no appeal taken therefrom, was granted as to defendant Bodwin. By direction of the court the jury then returned a verdict for defendant corporation but upon submission of the case as to defendant Walker, they failed to agree. Judgment was thereupon rendered in favor of said defendant corporation and against plaintiff and she has appealed.

The sole question presented by the appeal is whether defendant corporation was entitled to a directed verdict and the abbreviated bill of exceptions contains only such evidence as relates to this subject, consisting of testimony by defendant Walker, his wife, and Elijah J. Bodwin.

These witnesses testified that defendant corporation maintained a branch office at 101 Mission Street, San Francisco; that defendant Walker had been in its employ for fifteen years being then in charge of the buying department of the business; that he also acted as a salesman under the supervision of Mr. Bodwin, the head of the sales department;

that the hours of work of defendant Walker were not fixed by definite limits but that he worked on a sliding scale, having free use of a company automobile which he was privileged to drive at any time for his own convenience and pleasure; that on the Saturday preceding the accident Mr. Bodwin accompanied said defendant to his home in Burlingame and remained over Sunday as his guest; that on Monday morning, about 7 o'clock, they started in the company automobile to return to San Francisco, with the intention of stopping at the office around 8 o'clock; that the accident occurred shortly before they reached their said destination. Admitting that they were at the time working for defendant corporation both men denied that between 2 o'clock Saturday and the happening of the accident they had transacted any business. Mr. Bodwin stated that defendant Walker was not then acting as a salesman but was going to the office for the purpose of performing his duties as a buyer; said defendant stated that he was using the automobile for his own convenience in coming from home; that the fact that it was a Saturday afternoon or Sunday would not have stopped him from discussing business with Mr. Bodwin.

It is appellant's contention that the evidence in this case made applicable the so-called "roving commission" rule to the effect that where an employee is entrusted with a car and permission to use it at his discretion in the business of the employer, the latter will be held responsible in damages for injuries to persons resulting from the negligence of the employee in the use of said vehicle and in such case it is not necessary for the person seeking damages to prove that at the time of injury the employee was engaged in executing any particular business or specific command of his principal. (*Jessen* v. *Peterson-Nelson & Co.*, 18 Cal. App. 349, 353 [123 Pac. 219].) To put it another way, appellant claims that the testimony that the accident occurred before said defendant reached his place of employment at most created a conflict in the evidence, under which the case should have gone to the jury in view of the inference that said employee was acting within the scope of his employment.

In this we must agree. It is undisputed that defendant Walker had free use of the company car and had no fixed hours of employment, particularly when acting as salesman;

he was not required to first report at the office but had he so chosen could have stopped at any moment to transact business; he and his companion constituted two of the three San Francisco officials of the corporation; they were free to discuss business if they wished and a jury might not have believed their statements that they were not doing so at the time. In other words, the testimony of these parties was not sufficient, as a matter of law, to destroy the inference that defendant Walker was acting within the general scope of his authority to such an extent as to bind his employer, but the question as to whether he was so acting was for a jury to determine and that jury might or might not have credited the explanation given.

This opinion will not be prolonged by a lengthy review of the many authorities upon this subject but the following may be cited in support of the conclusion which we have just announced: *Reed* v. *Parra,* 203 Cal. 430 [264 Pac. 757], *Perry* v. *Paladini, Inc.,* 89 Cal. App. 275 [264 Pac. 580], *Wagnitz* v. *Scharetg,* 89 Cal. App. 511 [265 Pac. 318], *Dierks* v. *Newsom,* 49 Cal. App. 789 [194 Pac. 518], *Grantham* v. *Ordway,* 40 Cal. App. 758 [182 Pac. 73], and *Jessen* v. *Peterson-Nelson & Co., supra.*

The judgment is reversed.

Curtis, J., Shenk, J., Richards, J., Seawell, J., Langdon, J., and Waste, C. J., concurred.