[Civ. No. 7166. First Appellate District, Division One.—July 22, 1931.]

WATERS A. BUSHNELL, Respondent, v. YOSHIKA TASHIRO et al., Defendants; PEOPLES LAUNDRY COMPANY (a Corporation), Appellant.

Ford & Johnson for Appellant.

Myrick & Deering and Scott for Respondent.

KNIGHT, J.—While walking across a street in San Francisco, plaintiff was struck and injured by a Ford delivery truck owned by the defendant Peoples Laundry Company and driven by its employee and co-defendant Tashiro; and subsequently he brought this. action for damages against the owner and the driver, claiming that the accident was caused by the driver's negligence. Upon trial a jury ren-

dered a verdict against both defendants for the sum of $6,500, and from the judgment entered thereon Peoples Laundry Company prosecutes this appeal. The accident occurred on a Sunday evening about 6 o'clock on Folsom Street, near Ninth, a short distance from the laundry, and the sole ground urged for reversal is that the evidence establishes as a matter of law that at that time Tashiro was not performing any service within the scope of his employment, but was using the truck for his own pleasure and convenience without the knowledge or consent of his employer; and that consequently appellant is absolved from liability.

██ The decisions are uniform in holding that in an action for damages against an employer for personal injuries caused by the negligence of his employee while operating the employer's automobile, proof that the automobile belonged to the employer and at the time of the accident was being operated by the employee raises an inference sufficient to establish a *prima facie* case that the automobile was being operated by the employee under the authority of the employer and within the scope of the employment, and that the burden is then upon the defendant to overcome or dispel such inference by proof of facts to the contrary. Among the numerous cases so holding are *McWhirter* v. *Fuller*, 35 Cal. App. 288 [170 Pac. 417], *Brown* v. *Chevrolet Motor Co.*, 39 Cal. App. 738 [179 Pac. 697], and *Wagnitz* v. *Scharetg*, 89 Cal. App. 511 [265 Pac. 318]. ██ And it is further held that such inference is not destroyed or overcome as a matter of law merely because it is contradicted by the testimony of the employee or of other witnesses produced on behalf of the defendants, but that the issue remains one of fact for the determination of the jury for the reason that, as sole judges of the weight of the testimony and the credibility of the witnesses, the members of the jury are not bound to accept such testimony as true, but may, if not convinced thereby, reject any portion or the whole thereof. (*Grantham* v. *Ordway*, 40 Cal. App. 758 [182 Pac. 73]; *Wagnitz* v. *Scharetg, supra; Ferris* v. *Sterling*, 214 N. Y. 249 [Ann. Cas. 1916D, 1161, 108 N. E. 406]; *Adams* v. *Wiesendanger*, 27 Cal. App. 590 [150 Pac. 1016]; *Perry* v. *Paladini, Inc.*, 89 Cal. App. 275 [264 Pac. 580]; *Dierks* v. *Newsom*, 49 Cal. App. 789 [194 Pac. 518, 520]; *Randolph* v. *Hunt*, 41 Cal. App. 739 [183 Pac. 358, 361]; *Lemka* v. *Nauman*, 103 Cal.

App. 757 [284 Pac. 1062]; *Crain* v. *Sumida*, 59 Cal. App. 590 [211 Pac. 479]; *Frierson* v. *Pacific Gas & Elec. Co.*, 55 Cal. App. 397 [203 Pac. 788].)

In the present case appellant in its answer expressly admitted ownership of the truck, and respondent established the fact of Tashiro's employment at the time of the accident by Tashiro's deposition theretofore taken by respondent, and which respondent introduced in evidence subject to the provisions of section 2055 of the Code of Civil Procedure. Tashiro also testified therein, however, that at the time the accident occurred he was not performing any service for his employer, but was using the truck, without permission, for his own pleasure. In this connection the evidence shows without dispute that Tashiro's duties consisted of collecting and delivering laundry by means of said truck, his territory covering the regions lying north of Market' Street; that he was obliged to work every day, including Sundays, his duties on Sundays requiring him to collect and deliver "left over" laundry, which he was allowed to do at such hours during the day as best suited his convenience; and he claimed that on this particular Sunday, after having collected and delivered the "left over" laundry, he drove the truck back to the laundry, on Tenth Street two blocks south of Market, placed it in the garage, and thereafter took it out again without permission, and, accompanied by his wife and a friend, both of whom were employed at and lived over the laundry, went for a ride. It was while they were returning to the laundry that they collided with respondent. Tashiro, his wife, and the superintendent of the laundry, named Tsukamoto, were afterward called as witnesses for the defense; and Tashiro testified to substantially the same story. His wife stated also that at the time of the accident they were using the truck on a mission of their own; and Tsukamoto testified that the drivers were not allowed to use the trucks on Sundays for their own pleasure without asking permission, and that on the Sunday in question Tashiro neither asked for nor was granted such permission.

It is evident that the foregoing testimony would have been legally sufficient to controvert the inference establishing the *prima facie* case against appellant, if the jury had accepted the testimony as true; but it did not do so, and under the doctrine of the cases above cited it was not com-

pelled, as a matter of law, to do so, notwithstanding that the testimony was not rebutted. As said in *Dierks* v. *Newsom, supra,* ''the evidence introduced by the appellant made out a complete defense if full credence was given to it by the trial court [here it was the jury]; but the court was not bound to thus unreservedly accept it, even if uncontradicted. The court saw and heard the witnesses testify, and with this advantage, not enjoyed by us, it was for it to determine the degree of credence to be accorded to this testimony. It is not essential that the credulity of the court should correspond with the positiveness with which a witness testifies. A court may reject positive testimony, although it be not contradicted or impeached by any direct testimony. Its inherent improbability may be such as to deny it all claims to belief. A witness' manner of testifying may give rise to doubts as to his sincerity, or create the impression that the facts testified to by him are colored or not correctly stated.''

In this connection it may be stated that according to Tashiro's testimony he spent much of the time on this particular Sunday afternoon shopping and visiting friends in the district in which his duties were daily performed, including a visit to another laundry operated by the same company; and his testimony as to the route they traveled that afternoon was not only self-contradictory in several respects, but was at variance to some extent at least with that given by his wife as to the places and persons they visited and the object of taking the truck that afternoon. And although his wife first stated that she accompanied her husband on the truck only on Sundays, she afterward admitted that she sometimes rode with him on week days to do her shopping, while he was performing his regular duties. And again, it was shown that although Tashiro had been employed by the laundry for over four years and had been accustomed to using the truck on Sundays for his own pleasure, this was the first Sunday that he had ever taken it out, as claimed by him and Tsukamoto, without asking permission; and that the reason he did not obtain permission on this single occasion was, as he testified, that he believed Tsukamoto was in church.

It would appear, therefore, that there were certain elements of weakness in the testimony of said witnesses which warranted the jury in deeming it to be of doubtful probative

value; and consequently it cannot be reasonably held on appeal, as a matter of law, contrary to the implied finding of the jury, that such testimony was and is conclusive as to all matters to which it relates. To appropriate some of the language used in the decision in *Randolph* v. *Hunt, supra,* "Being the exclusive judges of the weight of the evidence and the credibility of the witnesses, if the testimony did not carry conviction to their minds [the minds of the jury], they had the legal right to reject it. We must assume that they did not believe the story, and we cannot say, in the absence of any showing to the contrary, that the jury acted arbitrarily, or otherwise than in good faith and with an honest purpose. We would not be justified by the record in branding the statement of these witnesses as false, although there are certain circumstances that tend somewhat to discredit it, but we are not in a position to interfere with the jury's discretion in that particular." ■ We conclude, therefore, that under the doctrine of the group of cases above cited, the testimony of said witnesses given in contradiction of the inference establishing the *prima facie* case of liability against appellant, did no more than create a conflict therewith, even though said testimony was not rebutted; and that being so, the determination of the jury on that issue is conclusive on appeal.

Appellant has cited several cases which it claims sustain its contention that where the evidence adduced in controversion of an inference is uncontradicted, it is sufficient as a matter of law to overcome such inference. An examination of those cases shows, however, that some of them merely declare the general rules relating to an owner's liability, about which there is no dispute, and do not involve, as here, the question of the legal effect of uncontradicted testimony given in opposition to such an inference; and as to some of the others it will be found that there are certain elements present therein or absent therefrom which exclude them from the operation of the rule which appellant is seeking to invoke. But even conceding that a conflict in principle exists between some of those cases and the group hereinabove set forth, it is apparent that such conflict has been done away with by the decision of the Supreme Court in the recent case of *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529], which was rendered since the present case was argued and submitted. There the court reviews the entire subject, and

discusses several of the earlier cases, including some of those upon which appellant relies, and after doing so adheres to and restates as the law of this jurisdiction the doctrine of the group of cases above cited, and of which *Grantham* v. *Ordway, Randolph* v. *Hunt* and *Perry v. Paladini, Inc.,* are fair representatives. Summarizing the decision in that case relating to the points with which we are here concerned, it was therein held (1) that presumptions are dispelled and disappear from the case when controverted by the uncontradicted testimony of the party relying upon the same, or of his witnesses, under circumstances which afford no indication that the testimony was the product of mistake or inadvertence, and the fact so proved is wholly irreconcilable with the presumptions sought to be invoked, citing *Mar Shee* v. *Maryland Assur. Corp.,* 190 Cal. 1 [210 Pac. 269] ; (2) that they are not dispelled and do not vanish from the case as a matter of law when contradicted or controverted by the party against whom they are invoked. "In such case", says the court, "their guiding and compelling effect is undermined and diminished or destroyed to the extent that they are controlled by the facts as found to exist"; and (3) "that the testimony of a witness called under section 2055 of the Code of Civil Procedure is not, when weighing it against a presumption, to be considered, nor is it, really, evidence of the party calling such witness, and that the evidence thus produced does not dispel a presumption contrary thereto, but [is] in favor of the party calling such adverse witness".

As will be noted, in the present case the testimony given in contradiction of the inference that the truck was being operated within the scope of the driver's employment was elicited from Tashiro, whose deposition was introduced by plaintiff subject to the provisions of said section 2055, and the witnesses called by the defendants; consequently, under the law as stated in *Smellie* v. *Southern Pac. Co., supra,* such inference was not dispelled and did not vanish entirely from the case as a matter of law by reason of such testimony. It operated merely to create a conflict. True, in the case last mentioned the court was dealing with a presumption created by statute, as distinguished from an inference arising from the facts; but the situation is not affected thereby for as will be seen from an examination of that case as well as from all of the other decisions upon the subject including

the cases of *Perry* v. *Paladini, Inc., Grantham* v. *Ordway,* and *Randolph* v. *Hunt, supra,* the terms "inference" and "presumption" are used interchangeably, and the rule is applied alike to both. Another recent case adhering to the doctrine restated and approved in *Smellie* v. *Southern Pac. Co.,* is *Poncino* v. *Reid-Murdoch & Co.,* 212 Cal. 325 [298 Pac. 818], wherein the Supreme Court, after hearing and decision in the District Court of Appeal, held, contrary to the decision of the latter court, that as against an inference establishing the *prima facie* case the uncontradicted testimony of the employee and of the other witnesses produced by the defendants created only a conflict.

Since, therefore, under the foregoing authorities, the evidence relied upon by appellant to absolve it from liability created only a conflict, and did not as a matter of law dispel the inference establishing respondent's *prima facie* case, it is beyond the power of the reviewing court, on appeal, to interfere with the conclusion reached by the jury on that issue.

The judgment is therefore affirmed.

Tyler, P. J., and Ward, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 21, 1931, and a petition by appellant to have the case heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 17, 1931.