[Civ. No. 7856. First Appellate District, Division One.—November 3, 1931.]

ELVIRA VITELLI, an Incompetent Person, etc., Respondent, v. C. P. STANBROUGH et al., Defendants; P. GRASSI & CO. "TRAVERTITE" WORKS, INC. (a Corporation), Appellant.

Hadsell, Sweet & Ingalls for Appellant.

H. Albert George and Philip R. McEnerney for Respondent.

THE COURT.—The above action was for the recovery of damages for personal injuries alleged to have been caused by the negligence of defendants Andrew Minutoli and P. Grassi & Co. "Travertite" Works, Inc., a corporation (which will be hereinafter referred to as such). Before the suit was filed plaintiff was adjudged incompetent and appeared by her guardian. A jury returned a verdict against the corporation, which has appealed from the judgment entered thereon, and also against defendant Minutoli, who has not appealed. Following a motion for a new trial the amount of the verdict was reduced, and it is not claimed that the judgment entered is excessive, nor that the evidence was insufficient to sustain a finding of negligence.

The evidence shows that on Saturday, May 11, 1929, plaintiff was riding in an automobile owned by the corporation and driven by Minutoli. At the intersection of Third and Townsend Streets in San Francisco the car came into collision with another automobile, with the result that the plaintiff was injured. Minutoli was the vice-president and general manager of the corporation, and it was alleged by plaintiff that the car was being operated in the course of the corporation's business and within the scope of Minutoli's employment.

It is contended by appellant that the evidence was insufficient to show that Minutoli was acting for the corporation at the time of the accident.

Minutoli and his wife were the only witnesses at the trial. He testified that the defendant corporation was engaged in the marble and stone business, of which as its manager he had general supervision; also that the automobile—which was at all times in his possession—was used to go from job to job or upon other errands for the company, and when not in use was stored in a garage at his home. Further, that upon the morning of the day of the accident he and his wife, with the plaintiff—who is his wife's mother—drove from San Francisco to Holy Cross cemetery. On their return they stopped for some twenty or thirty minutes at the shop of the company, the witness stating in this connection that "while I stopped at the shop the ladies came in and went around the shop". They then left and the accident happened while they were on the way to the witness' home.

He also testified that when he left the shop he was through work for the week. Mrs. Minutoli corroborated her husband as to the places they visited, and the fact that they were on their way home when the accident occurred.

■ The fact that the vehicle in which plaintiff was riding was owned by defendant corporation, and that the driver was in its employ, would justify the inference that the driver was acting within the scope of his authority (*Grantham* v. *Ordway*, 40 Cal. App. 758 [182 Pac. 73] ; *Randolph* v. *Hunt*, 41 Cal. App. 739 [183 Pac. 358] ; *Frierson* v. *Pacific Gas & Elec. Co.*, 55 Cal. App. 397 [203 Pac. 788] ; *Bushnell* v. *Tashiro*, 115 Cal. App. 563 [2 Pac. (2d) 550]), although opposed by other evidence unless the reviewing court can say that the evidence to the contrary was sufficient as a matter of law to overcome the inference. (*Mand* v. *Rose*, 96 Cal. App. 564 [274 Pac. 392] ; *Lempka* v. *Nauman*, 103 Cal. App. 757 [284 Pac. 1062].) ■ If a driver is acting within the scope of his employment it is immaterial that he joined with this some private business of his own. (*Ritchie* v. *Waller*, 63 Conn. 155 [38 Am. St. Rep. 361, 27 L. R. A. 161, 28 Atl. 29] ; *Brimberry* v. *Dudfield Lumber Co.*, 183 Cal. 454 [191 Pac. 894].) ■ And where an employee is entrusted with the possession and operation of a vehicle, with permission to use it in his discretion in the business of his employer, the latter will be held responsible for injuries inflicted upon another resulting from negligence in the operation of the vehicle while using it in such. business; and it is not necessary to prove that the employee was engaged in executing any particular business of his principal, it being sufficient to show that he was acting within the general scope of his employment. (*Jessen* v. *Peterson, Nelson & Co.*, 18 Cal. App. 349 [123 Pac. 219] ; *Reed* v. *Parra*, 203 Cal. 430 [264 Pac. 757].)

■ A witness is presumed to speak the truth (Code Civ. Proc., sec. 1847), but where he is interested the fact may be considered in determining the weight to be given his testimony (*Ripperdan* v. *Weldy*, 149 Cal. 667 [87 Pac. 276]) ; ■ and under the circumstances of the present case the question whether Minutoli was acting for his employer at the time of the accident was one for the jury, who were not bound by his statement that he had finished work for the day. (*Poncino* v. *Reid, Murdoch & Co.*, 212 Cal.

325 [298 Pac. 818].) Moreover, it has been held that where it was the duty of an employee to return each day to a garage at his home the automobile used by him in his employer's business the act of taking it there was within the scope of his employment. (*Auer* v. *Sinclair Refining Co.*, 103 N. J. L. 372 [54 A. L. R. 623, 137 Atl. 555].) This rule was referred to with approval in *Riordan* v. *Gas Consumers' Assn.*, 4 Cal. App. 639 [88 Pac. 809], and *Hall* v. *Puente Oil Co.*, 47 Cal. App. 611 [191 Pac. 39].

We cannot say that the testimony as a matter of law overcame the inference which the trial court drew from the admitted facts, and, on the contrary, are satisfied that the evidence fairly supports its findings.

The judgment is affirmed.