[Civ. No. 8050. First Appellate District, Division Two.—December 16, 1931.]

KEOLOHA KANANANAKOA, Respondent, v. STEVEN BADALAMENTE, Defendant; EARL O'DONNELL, Appellant.

232

Gibson, Dunn & Crutcher, Norman S. Sterry and Philip
C. Sterry for Appellant.

Rosenthal & Rosenthal, Samuel A. Rosenthal and E. B.
Drake for Respondent.

NOURSE, P. J.—Plaintiff sued for damages arising out of an automobile accident. The cause was tried with a jury and plaintiff had a verdict for $10,000. . The defendant O'Donnell has appealed upon a bill of exceptions.

Briefly stated the facts are that the defendant Badalamente was an employee of a parking station where appellant kept his cars, and was an intimate friend of appellant; that he had frequently driven one of appellant's cars with appellant's permission, had been arrested on at least two occasions for reckless driving, and thereafter had received from appellant written permission to drive the car. On the night previous to the accident the appellant attended the wedding of Michael Rizzotti, a friend of Badalamente. On the night of the accident the newly married couple attended a dinner at the home of the defendant Badalamente, and the latter was driving them to their home in a car owned by Dr. O'Donnell when he ran into and injured plaintiff, a pedestrian, at a street intersection. Immediately following the accident Rizzotti made a statement in which he said appellant said to him: "Use my auto as my guests. Tell Steve (Badalamente) my chauffeur, where you wish to go." On the trial plaintiff planted his case on the unquestioned negligence of defendant Badalamente in the operation of the car and, as to appellant O'Donnell, plaintiff rested on the proof that this appellant gave Badalamente permission to drive the car with the knowledge that his co-defendant was a reckless and careless driver, and upon the inference that Badalamente was in the service of the owner.

As to the first theory the evidence is undisputed that Badalamente had been arrested for reckless driving; that appellant had frequently been called out of bed to release him from jail; and that, with this knowledge, he gave Badalamente a card reading:

"Steve Badalamente has permission to drive this Mercer.
"E. O'DONNELL."

Counsel say they have found no authorities directly holding that it is or is not negligence for the owner of an automobile to permit a careless and reckless driver to take his car out upon the public highways. This principle of law seems to be now very well settled. In *Easton* v. *United Trade School Con. Co.*, 173 Cal. 199, 201 [L. R. A. 1917A,

394, 159 Pac. 597], the Supreme Court held that a school of instruction in the operation of vehicles is liable for an injury resulting from the inexperience of a student driver while operating a vehicle with the permission of the school. In *Owens* v. *Carmichael's U-Drive Autos, Inc.,* 116 Cal. App. 348 [2 Pac. (2d) 580], we held that the owner of an automobile is liable when he negligently entrusts his automobile to an incompetent person who commits a tort while operating it. In that case we said: "Such negligence is most frequently predicated upon the fact that an owner knowingly entrusts his car to an incompetent person, . . . ", and cited as authority for the proposition *Rocca* v. *Steinmetz,* 61 Cal. App. 102 [214 Pac. 257], where numerous other cases to the same point may be found. As said in the Rocca case (p. 109): "If he were to entrust his car to a person whom he knew to be insane or intoxicated or utterly incompetent to run a car, it would certainly shock the common understanding to hold that he was not chargeable with negligence. There can be no difference in principle but only in degree where he knows the driver to be careless and reckless in the operation of the machine. In any such case consideration for the safety of others requires him to withhold his consent and thereby refrain from participating in any accident that is liable to happen from the careless and reckless driving of such a dangerous instrumentality."

On the issue of agency respondent rested upon the inference growing out of the ownership of the car. (19 Cal. Jur., p. 702; *Grantham* v. *Ordway,* 40 Cal. App. 758 [182 Pac. 73].) This, however, was supplemented by evidence of admissions made by appellant to respondent immediately following the accident. On the trial appellant offered testimony tending to rebut the inference. It was thus a question for the jury to determine whether the inference was dispelled. (*Poncino* v. *Reid-Murdoch & Co.,* 212 Cal. 325 [298 Pac. 818].) The latter case is a complete answer to appellant's point that the trial court should have granted his motion for a nonsuit and his motion for a directed verdict on this issue of agency. But it is argued that the inference of negligence was completely overcome by evidence offered by the appellant. The jury was not required to believe the testimony of these witnesses. It might have drawn the inference of agency from the proof of ownership

alone. But there was other evidence supporting the inference. Under such circumstances we could not disturb the verdict on this ground. (*Mah See* v. *North American Acc. Ins. Co.,* 190 Cal. 421, 426 [213 Pac. 42]; *Bushnell* v. *Yoshika Tashiro,* 115 Cal. App. 563 [2 Pac. (2d) 550].)

■ Criticism is made of the ruling of the trial court in admitting in evidence a written statement made by Badalamente immediately following the accident. The objectionable portion of the statement is: "Dr. O'Donnell has given me written permission to drive this auto at any time." This written permission was in evidence signed by the appellant. True it is that appellant denied that he gave Badalamente written permission to use the car, but he admitted that he gave oral permission "also gave *him a little note* to take with him . . . reading: 'Steve Badalamente has permission to drive this Mercer. E. O'Donnell.' " If the statement was hearsay as to appellant, the objectionable matter in it was proved by competent evidence and appellant was not prejudiced by the admission.

■ The written statement of the witness Rizzotti was properly admitted. This witness was one of the guests in the machine at the time of the accident. He was called by the plaintiff and it was at once apparent that he had changed his story to benefit the appellant. Claiming surprise in this respect, counsel for plaintiff was permitted to read in evidence portions of the statement impeaching the testimony given on the stand. The objectionable portion of this statement was: "Dr. O'Donnell said to me, 'use my auto as my guests. Tell Steve, my chauffeur, where you wish to go'." The materiality of the statement is plain. The appellant attended the wedding of the witness on the night preceding the accident. If he offered the use of his car to the newly wedded couple as his guests, with his co-defendant as chauffeur, this was evidence tending to show that his co-defendant was using the car with his permission and at his instance. The statement was admissible under the provisions of sections 2049 and 2052 of the Code of Civil Procedure. The purpose of these sections is said in *People* v. *Sliscovich,* 193 Cal. 553, 554 [226 Pac. 611, 615], to be "to permit a party who has, in good faith, produced a witness upon the stand in the belief that the witness will give certain testimony in support of the party calling him

to show that prior to being called to the witness-stand the witness made statements which, if admitted in evidence, would have been favorable to the party calling the witness''. Here the testimony given by the witness on the stand was prejudicial to the plaintiff, and, in view of the circumstances, we cannot say that plaintiff was not surprised by such testimony. It is not, therefore, a case of a witness failing to testify favorably to the party calling him. It is a case where the witness gives testimony unfavorable to the party calling him and which such party seeks to show to be untrue through the production of a prior statement of the witness contrary to such testimony.

■ However, the serious question raised on this appeal is the refusal of the trial judge to give the instruction proposed by appellant advising the jury that these statements were not to be considered as evidence of the facts contained therein, but as tending to show that the witnesses had at other times made declarations contrary to their testimony on the witness-stand. The subject matter of the proposed instruction was not given in any other instruction and the refusal to give it was error. (*Adkins* v. *Brett,* 184 Cal. 252, 259 [193 Pac. 251].) The prejudice of the error is patent. When the statements were made by Badalamente and his guest immediately following the accident they were designed to protect Badalamente in his right to use appellant's car on that occasion. Neither statement was made in the presence of the appellant and neither was evidence as to him. The question of the relation between appellant and Badalamente was a close one upon which the evidence was sharply contradictory, and it is altogether probable that this question was determined upon facts contained in these statements.

■ The criticism of the refusal to give other proposed instructions does not require lengthy discussion. Those relating to the ''borrower'' rule were not properly worded. They were in effect formula instructions, no one of which covered all the elements of that rule which were at issue. (See, generally, *Rock* v. *Orlando,* 100 Cal. App. 498 [280 Pac. 377]; *Brown* v. *Chevrolet Motor Co.,* 39 Cal. App. 738 [179 Pac. 697]; *Hall* v. *Puente Oil Co.,* 47 Cal. App. 611 [191 Pac. 39]; *Easton* v. *United Trade School Con. Co.,* 173 Cal. 199 [L. R. A. 1917A, 394, 159 Pac. 597].)

 Proposed instruction number eight advised the jury that there was no presumption of negligence against defendant from the fact of the collision alone. The doctrine of *"res ipsa loquitur"* was not involved, hence we can see no reason why this instruction should not have been given.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 15, 1932.