MONAGHAN, APPELLANT, v. STANDARD MOTOR CO., RE-SPONDENT.

(No. 7,179.)

(Submitted January 5, 1934. Decided January 29, 1934.)

[29 Pac. (2d) 278.]

*Mr. Thomas W. Bonner* and *Mr. Joseph P. Monaghan,* for Appellant, submitted a brief; *Mr. Bonner* argued the cause orally.

168

*Mr. R. F. Gaines,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action to recover damages for personal injuries sustained by her as the result of an automobile col-

lision. At the time of the accident she was riding in an automobile driven by her son. A truck, the property of the defendant Standard Motor Company, a corporation, and driven by Dave Blaskovich, collided with the Monaghan car on July 23, 1931, at the intersection of Main and Noble Streets in Meaderville. Blaskovich, the driver of the truck, was regularly employed as a teamster of the defendant company. His duties consisted of driving trucks, cleaning up around the garage of the company, and rendering other service about the garage. His working hours began regularly at 8:30 in the morning and ended at 5 o'clock in the afternoon. The accident in question occurred about 5:30 in the afternoon. At the time of the accident, the truck was loaded with crating and other scraps of wood, on one or more pieces of which appeared the name of the defendant company.

The record discloses that the motor company frequently received from manufacturers shipments of parts for automobiles inclosed in wooden crates or boxes. These parts were unpacked and the crating deposited in the boiler-room. During the winter season this material was consumed in the furnace of the garage heating plant. In the summer months the shop foreman of the defendant company at various times would order the employees to clean up the boiler-room and remove the cratings and other rubbish. On the day in question, the defendant Blaskovich was directed to clean up the boiler-room, and he loaded the wood, the property of the defendant company, upon the truck. At the time of the accident, he was using the truck with the consent of the motor company for the purpose of transporting the wood to his own home for his own use as fuel.

The defendant company maintained a time clock in its establishment, and required employees "to punch" the clock at the beginning and the end of the working day. This record revealed that defendant Blaskovich on the date in question ceased work at 5:02 P. M. Blaskovich received no compensation for services after that time on that date. He was a member of the teamsters' union in the city of Butte, and under

the working agreement between this union and his employer, he was not permitted to work overtime without compensation in accordance with an established schedule.

Plaintiff produced one Willis as a witness, who testified that for some three and a half years prior to the date of the accident he had been employed by the defendant company in a similar capacity to that of defendant Blaskovich; that he had on several occasions been directed to clean the boiler-room; that during working hours he had loaded wood on a truck, the property of the defendant company, and removed the wood to his own home for use as fuel; and that he received no compensation for his time consumed in transporting the wood to his residence. The evidence of all the witnesses who testified on the trial of this case is in accord with the proposition that employees of the company were permitted with its consent to use one of its trucks to transport wood of the character in question from its place of business to their homes for use as fuel, and that they received no compensation for the work of transporting the wood, but were compensated for the time consumed in loading the wood on the truck.

At the close of the defendants' case the trial court sustained a motion for a directed verdict as to the defendant motor company, but denied the motion as to the defendant Blaskovich. The plaintiff thereupon moved the dismissal of the action as to Blaskovich, which motion was granted. A verdict was returned in favor of the defendant company, as directed by the trial court. Judgment was entered on the verdict in favor of the company. The appeal is from the judgment.

Numerous specifications of error appear in the brief of the plaintiff. All of them challenge the correctness of the court's ruling in granting the motor company's motion for a directed verdict as to it. Plaintiff asserts that, since it appeared from the evidence that the truck was the property of the motor company, that the driver was in its general employ and that the removal of the wood was for its benefit, the presumption arose that at the time of the accident defendant Blaskovich was act-

ing within the scope of his employment as a servant of the motor company; that this presumption has the weight of evidence and is sufficient to require the submission of the case to the jury, notwithstanding the uncontradicted evidence to the effect that Blaskovich at the time of the accident was acting without the scope of his employment and on an independent errand of his own.

It is well settled that even though the driver of a car is the ██ servant of the owner of the car, the owner is not liable unless at the time of the accident the driver was acting within the scope of his authority and in regard to his master's business. (*Susser* v. *Delovage,* 73 Mont. 354, 236 Pac. 1082; *Hoffman* v. *Roehl,* 61 Mont. 290, 203 Pac. 349, 20 A. L. R. 189.) The proof of these facts—the ownership of the automobile, that Blaskovich was in the general employ of the defendant motor company, and that the truck at the time of the accident was loaded with crating bearing the name of that company—was sufficient to raise the presumption that at the time of the accident Blaskovich was within the scope of his employment.

The courts of the various states are not in accord as to the quantum of proof necessary to raise this presumption, but the evidence here is sufficient to come within the requirements of the jurisdictions requiring the maximum amount of proof. 2 Blashfield's Cyclopedia of Automobile Law, section 42, Chapter 69, pages 1636 to 1643, inclusive, contains a review of the decisions of the various courts on this question in detail.

The presumption which arose in this case was disputable, ██ and such a presumption may be controverted by other evidence. (Sec. 10606, Rev. Codes 1921.) Such a presumption is successfully controverted when proof to the contrary overcomes it. By proof that satisfactorily overcomes it, it is meant that which is sufficient to sustain the affirmative of an issue—a preponderance of the evidence. Therefore, when the evidence preponderates against a disputable presumption, it fades away in the face of the contrary facts. (*In re Wray's Estate,* 93 Mont. 525, 19 Pac. (2d) 1051; *Welch* v. *All Persons,* 85

Mont. 114, 278 Pac. 110; *Nichols* v. *New York Life Ins. Co.,* 88 Mont. 32, 292 Pac. 253.)

The fact, however, that the testimony is uncontradicted is not sufficient to overcome a disputable presumption and thereby to warrant a directed verdict, where the inferences to be drawn from the facts and circumstances are open to different conclusions by reasonable men. (*Maki* v. *Murray Hospital,* 91 Mont. 251, 7 Pac. (2d) 228.) A mere denial by an interested witness controverting such presumption, which is not corroborated by other evidence, is insufficient to overcome the presumption. (*Renland* v. *First Nat. Bank of Grass Range,* 90 Mont. 424, 4 Pac. (2d) 488.)

Plaintiff urges that the incidental benefit which the defendant company received by the removal of the wood from its premises is a controlling factor in determining whether or not Blaskovich in hauling the wood to his own home was about the master's business and within the scope of his employment. It is generally held that where an employee uses the master's car on a mission of his own, some slight incidental benefit which may thereby accrue to the master is insufficient to warrant holding the master liable for the negligent operation of his automobile by the servant as being within the scope of his employment. (Note, 22 A. L. R. 1434; *Kitz* v. *Scudder Syrup Co.,* 199 Ill. App. 605; *Reynolds* v. *Buck,* 127 Iowa, 601, 103 N. W. 946; *Lotz* v. *Hanlon,* 217 Pa. 339, 66 Atl. 525, 118 Am. St. Rep. 922, 10 Ann. Cas. 731, 10 L. R. A. (n. s.) 202; *Marsal* v. *Hickey,* 225 Mass. 170, 114 N. E. 301; *Louisville Lozier Co.* v. *Sallee,* 167 Ky. 499, 180 S. W. 841; *Kennedy* v. *Knott,* 264 Pa. 26, 107 Atl. 390.)

Plaintiff strongly relies upon the case of *Steiner* v. *Royal Blue Cab Co.,* 172 Wash. 396, 20 Pac. (2d) 39, as authority in support of her contention, wherein it was held that the mere statement testified to by the servant of the defendant company who was in charge of the offending automobile, to the effect that he was not driving it at the time of the collision and that it had been stolen was insufficient to overcome the presumption here under consideration. The Washington court

has laid down the rule that a verdict should not be directed where the only evidence tending to overcome the presumption is the unsupported and uncorroborated statement of the driver of the automobile, particularly where there are circumstances which might in the minds of the jury weigh against the driver's testimony in this respect. (*Barach* v. *Island Empire T. & T. Co.*, 151 Wash. 279, 275 Pac. 713.) That court, however, has held that such presumption becomes of no force, and is not in itself evidence, when rebutted by credible evidence, in addition to the testimony of interested witnesses. (*Mitchell* v. *Nalley's, Inc.*, 163 Wash. 183, 300 Pac. 526; *Schnebly* v. *Bryson*, 158 Wash. 250, 290 Pac. 849.)

Plaintiff also relies upon the case of *Bushnell* v. *Yoshika Tashiro*, 115 Cal. App. 563, 2 Pac. (2d) 550, 551. There the court, in discussing the testimony which it was urged was sufficient to overcome the presumption, made this pertinent comment: "It would appear, therefore, that there were certain elements of weakness in the testimony of said witnesses which warranted the jury in deeming it to be of doubtful probative value; and consequently it cannot be reasonably held on appeal, as a matter of law, contrary to the implied finding of the jury, that such testimony was and is conclusive as to all matters to which it relates."

The California Court of Appeals in the case of *McCammon* v. *Edmunds*, 114 Cal. App. 36, 299 Pac. 551, 553, speaking on this question, said: "Under such circumstances any inference that might arise from the fact that the motorcycle involved was owned by appellant is 'dispelled and disappears from the case.'"

Counsel for the plaintiff strongly rely upon the case of *Poncino* v. *Reid-Murdoch & Co.*, 212 Cal. 325, 298 Pac. 818, and *Burt Corporation* v. *Crutchfield*, 153 Okl. 2, 6 Pac. (2d) 1055. In both of these cases the courts had under consideration a situation where a salesman with a "roving commission" was furnished an automobile for use in the conduct of the master's business. The salesman was not directed by his master in detail, and his conduct of the master's business was

left largely to his discretion; but such is not the case here. Another California case cited by plaintiff is the case of *Kanananakoa* v. *Badalamente,* 119 Cal. App. 231, 6 Pac. (2d) 338. But there the inference that the driver was in pursuit of the master's business was supplemented by admissions of the defendant, and hence the case is not in point.

If the evidence tending to overcome the presumption that the automobile was being driven by the servant in the course of his employment is clear, convincing and uncontradicted, and if only one inference can be drawn by reasonable men therefrom to the effect that the servant was not then engaged in the master's business within the scope of his employment, then this presumption is entirely overcome; it fades away, and a directed verdict is proper. (*Otero* v. *Soto,* 34 Ariz. 87, 267 Pac. 947; *Cruse-Crawford Mfg. Co.* v. *Rucker,* 220 Ala. 101, 123 So. 897; *Magee* v. *Hargrove Motor Co.,* 50 Idaho, 442, 296 Pac. 774; *Wells* v. *Hecht Bros. & Co.,* 155 Md. 618, 142 Atl. 258; *Wehling* v. *Linder,* 248 Mich. 241, 226 N. W. 880; *Guthrie* v. *Holmes,* 272 Mo. 215, 198 S. W. 854, Ann. Cas. 1918D, 1123; *De Camp* v. *Comerford,* 134 Okl. 145, 272 Pac. 475.)

The evidence of witness Willis, who was called by the plaintiff, strongly tends to corroborate the testimony offered on behalf of the defendants, to the effect that Blaskovich was not acting within the scope of his employment at the time of the automobile accident. It does not in any manner contradict the evidence on the same subject produced by the defendants. The evidence on their behalf in this respect was clear, convincing and uncontradicted.

Some contention is made in the brief of appellant that the evidence given by Blaskovich on the taking of his deposition contradicts the testimony given by him in open court. Such contradiction, if any exists, does not create a conflict in the evidence, as such contradictory statements are not substantive evidence, but only evidence tending to impeach the testimony of the witness. (*Wise* v. *Stagg,* 94 Mont. 321, 22 Pac. (2d) 308.) There was abundant testimony in the record,

independent of that given by Blaskovich, establishing the fact that he was not at the time of the accident acting within the scope of his employment. The presumption was overcome. The trial court was correct in directing a verdict.

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Angstman, Matthews and Stewart concur.