KERN, APPELLANT, *v.* EICHHORN ET AL., RESPONDENTS.

(No. 8,066.)

(Submitted October 14, 1940.   Decided November 14, 1940.)

[107 Pac. (2d) 873.]

*Mr. W. B. Leavitt,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. D. L. O'Hern,* for Respondents, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action to compel the defendant executors to execute and deliver to him a deed to certain described real estate situated in Custer county. The complaint alleges that on August 18, 1919, plaintiff and Fred Savage entered into an agreement under the terms of which plaintiff agreed to purchase the land from Savage; that the contract was executed in duplicate; that on May 7, 1920, plaintiff and Savage entered into another agreement whereby plaintiff purchased additional lands from Savage; that a written memorandum of this contract was attached to the contract of August 18, 1919, as a rider; that plaintiff has fully performed the terms and conditions of the contract and rider and is now entitled to a deed to all the lands; that some time after May 7, 1920, without plaintiff's knowledge or consent, the written contract was changed and altered by inserting therein after plaintiff's name as the party of the second part the words "and Gertrude Kern, husband and wife," the effect of which was to name Gertrude Kern as a party of the second part and as one of the purchasers of the land; that Gertrude Kern did not sign the contract and throughout the instrument the purchaser is referred to in the singular number; that plaintiff did not discover the alteration until after the contract had been fully performed and after he had become entitled to a deed; that Gertrude Kern has no interest in the property, except her interest as dower, she being the wife of plaintiff; that Savage is now dead and that the executors of his estate refuse to execute a deed to plaintiff and offer to execute one to him and Gertrude Kern jointly in accordance with the altered contract.

Defendant Gertrude Kern answered, admitting the making of the contract and the rider, but denying that the contract was changed or altered, and denying that the words "and Gertrude Kern, husband and wife," were not in the contract when it was executed, and alleging that at the time of its execution plaintiff received a copy which contained the alterations. The defendant executors by stipulation have executed and placed with the clerk of the court deeds which will conform to any decision the court may make, and hence have been eliminated from the case. The cause was tried to the court without a jury.

The substance of the evidence introduced by plaintiff is as follows: He testified to the making of the contract and the rider, but stated that the words "and Gertrude Kern, husband and wife," were added to the contract and were not in it as originally drawn. The original contract and the duplicate that has been in plaintiff's possession ever since they were made show on their face that the words "and Gertrude Kern, husband and wife," have been added after the name, Joseph C. Kern, as a party of the second part since its original drafting—that is to say, the original exhibits disclose plainly that those words were written in at a different time than the balance of the contract, since there is a difference in the inking on those words from the other parts of the contract.

Plaintiff testified that he kept his copy of the contract at his home in the sideboard drawer, and that the first time he knew that the name of Gertrude Kern had been inserted in it was after the death of Savage when he looked at his copy. He stated that when the rider was executed on May 7, 1920, Mrs. Kern's name did not appear as one of the purchasers in the main contract. He stated that his wife's name was written into the contract without his consent.

Mrs. Kern left plaintiff in May, 1930, and has lived separate and apart from him ever since. At the time the contract was made Mrs. Kern was not present, and had nothing to do with it. The contract was fully performed by plaintiff in 1927, although it appears that about that time he borrowed $1,000 from

Savage and continued making payments to Savage in order to discharge this indebtedness, and that it was not actually discharged until in December, 1930. In explaining the reason why he did not ask for a deed prior to the death of Savage in December, 1936, plaintiff said that when the last payment was made Savage stated to him, "Joe, do you want me to keep the deed in my safe?" to which plaintiff says he replied in the affirmative, and that he thought the deed was there in the safe of Mr. Savage; he said that he paid $2 to Savage to record the deed and that he thought it was taken care of.

Gertrude Kern testified that she had a conversation with Mr. Savage after the contract was executed and shortly after she and Mr. Kern had a little "fuss," but the exact time she could not give, and she was talking to Mr. Savage about the place and Savage said: "Don't worry about this place. It's a joint tenancy. Your husband, Joe Kern, has provided for it." She said that Savage took the contract out of the drawer of his desk and showed it to her, and she remembered distinctly that her name was in it. She also said that she had conversations with plaintiff about the contract, and at one time he said if either one died the surviving one got the property, and that she understood from that that it was a joint tenancy. Plaintiff in rebuttal denied that he had this conversation with his wife.

The court made findings in favor of the defendant Gertrude Kern and against the plaintiff. In general it found that the contract had been altered and changed subsequent, to May 7, 1920, by inserting the words "and Gertrude Kern, husband and wife." It found that the evidence is insufficient to sustain the allegations of plaintiff's complaint, and that it preponderates in favor of defendant, but reached that conclusion by relying upon certain presumptions which it held could not be overcome by the mere denial of an interested witness, relying upon the case of *Monaghan* v. *Standard Motor Co.*, 96 Mont. 165, 29 Pac. (2d) 278.

The entire evidence in the record on the material issues involved consists of the testimony of plaintiff and his wife. If plaintiff's allegations be true, then he had the right to ignore

the change in the contract and sue for its enforcement according to its original terms. (*Smith* v. *Barnes*, 51 Mont. 202, 149 Pac. 963, Ann. Cas. 1917D, 330.) Plaintiff's evidence supports the allegations of his complaint to the effect that he was the sole purchaser named in the contract when it was originally made. His testimony supports the allegations of his complaint, also, to the effect that the name of his wife was inserted as one of the purchasers without his knowledge or consent. This, he said, was done after the rider was attached on the 7th day of May, 1920. When, or by whom, the change in the contract was made he did not know. The court found in his favor to the effect that the alteration was made some time after the 7th day of May, 1920.

Mrs. Kern alleged in her answer that her name was originally entered as a purchaser when the contract was first made. She offered no proof to sustain that allegation, and the court properly held that the change was made after the rider was attached on May 7, 1920. The record is barren of any testimony as to the exact time the alteration was made or by whom. There was testimony refuting that of plaintiff to the effect that the alteration in the contract was made without his consent.

Mrs. Kern testified that Savage told her, "It's a joint tenancy. Your husband, Joe Kern, has provided for it." That statement constitutes evidence that Joe Kern caused the name of Gertrude Kern to be inserted in the contract. Furthermore, Mrs. Kern testified that plaintiff told her that in case one died the survivor would get the property. She said she concluded from this statement that there was a joint tenancy. Plaintiff denied making this statement, but that presented a fact question for the court to determine.

There is thus evidence in the record which, if believed, would support a finding for either party, unless there are presumptions which have not been satisfactorily overcome, as the court found. The court relied upon a presumption stated in 2 American Jurisprudence, 671, as follows: "Where it is shown that an alteration has been made in an instrument subsequent to its execution and particularly where the instrument has been

in the custody of the holder since its execution, it would seem to be the generally accepted rule that the alteration will be presumed to have been made by the holder or one under whom he claims, and not by a stranger to the instrument.'' From this the court reasoned that where a contract is executed in duplicate, as here, and each party to the contract retained a copy, and the alteration is made on both copies, it will be presumed that the alteration was made by the parties to the contract. The court also relied upon a presumption that Savage was innocent of any wrongdoing. (Subd. 1, sec. 10606, Rev. Codes.) We agree that usually such presumptions exist. The court, instead of determining as a fact whether the presumptions were overcome within the rule announced in *Renland* v. *First National Bank,* 90 Mont. 424, 4 Pac. (2d) 488, held *as a matter of law* that the denial by Mr. Kern that his wife's name was inserted with his consent could not overcome the presumption to the contrary, since he was an interested witness.

The court relied upon a statement in *Monaghan* v. *Standard Motor Co.*, supra. The statement in that case does support the court's view. But what the court intended in the *Monaghan Case* was simply to say that the denial by an interested witness controverting a presumption was not sufficient *as a matter of law* to overcome the presumption, but that the question became one of fact for the fact-finding tribunal to determine. This conclusion follows from the fact that the *Renland Case* is cited in support of the statement, and that is its effect. While the broad statement made in the *Monaghan Case* supports the court's view, the statement in that case was *dictum* at most, and should not be given any greater effect than the authority cited to support it.

This controversy is between husband and wife. Each apparently had access to the copy of the contract which was kept in the house occupied by both. Under such circumstances the force of the presumption that Mr. Kern consented to the alteration was greatly cut down. When Mr. Kern denied that he had consented to the alteration, the question whether he did or not became one of fact. The court, if satisfied that Mr. Kern was

telling the truth, could have found that the presumption against him was overcome.

The court was in error in holding that the presumption could not be overcome by the denial of the interested witness. The case is one in which the fact-finding tribunal must pass upon the credibility of the two witnesses in question. If plaintiff's testimony is believed, judgment should be in his favor. On the other hand, if Mrs. Kern's testimony is believed, then judgment must be in her favor. In weighing the testimony of both parties, the court is permitted to take into consideration all available presumptions which might tend to corroborate the testimony of either, the interest of each of the witnesses, other circumstances usually considered in passing upon the credibility of witnesses, and the fact that the plaintiff has the burden of proof. (Sec. 10616, Rev. Codes.) The record discloses that the court did not pass upon the weight of the evidence and the credibility of the witnesses, but took the view that *as a matter of law* a presumption could not be overcome by the mere denial of an interested witness.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.

Rehearing denied December 12, 1940.