KERN, APPELLANT, *v.* EICHHORN ET AL., RESPONDENTS.

(No. 8,298.)

(Submitted March 30, 1942.   Decided April 11, 1942.)

[124 Pac. (2d) 311.]

*Mr. W. B. Leavitt,* for Appellant, submitted a brief and argued the cause orally.

*Mr. D. L. O'Hern,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This action was tried to the court sitting without a jury, resulting in judgment in favor of defendant Gertrude Kern and against the plaintiff. Plaintiff has appealed from the judgment. The case is before us the second time. The opinion in the former case is reported in *Kern v. Eichhorn,* 111 Mont. 171, 107 Pac. (2d) 873, 875. By stipulation the evidence produced at the first trial was re-offered and admitted and plaintiff offered some additional testimony. On the first appeal we said: "The case is one in which the fact-finding tribunal must pass upon the credibility of the two witnesses in question [being Mr. and Mrs. Kern]. If plaintiff's testimony is believed, judgment should be in his favor. On the other hand, if Mrs. Kern's testimony is believed, then judgment must be in her favor. In weighing the testimony of both parties, the court is permitted to take into consideration all available presumptions which might tend to corroborate the testimony of either, the interest of each of the witnesses, other circumstances usually considered in passing upon the credibility of witnesses, and the fact that the plaintiff has the burden of proof."

The additional evidence submitted by the plaintiff did not alter the material facts as disclosed by the record on the prior appeal. For a statement of those facts, reference is made to the opinion in 111 Mont. 171, 107 Pac. (2d) 873. They will not be repeated here.

The court made findings of fact to the general effect that the alteration in the contract made by Fred R. Savage with the knowledge and consent of plaintiff, and that the evidence preponderates in favor of Gertrude Kern and against plaintiff. The court in its findings of fact and conclusions of law pointed

out the method by which it arrived at its conclusion by saying: "Plaintiff, having the burden of proof and having produced in evidence the contract for deed, which is the subject of this controversy, must account for the alteration hereinafter referred to. (Sec. 10617, Rev. Codes 1935.) Fred R. Savage, the deceased, drew the original contracts in duplicate, the rider attached to each copy in 1920, received all payments on the contract either from plaintiff or his wife, and had one copy with the alteration among his papers at the time of his death. To conclude that Savage made the alteration without the knowledge and consent of plaintiff is to find that Savage committed forgery. The law presumes Savage was 'innocent of crime or wrong' (subdiv. 1, sec. 10606, Rev. Codes 1935), that is, that he would not have made the alteration without the consent of plaintiff. A presumption has the effect of evidence. (Sec. 10600 et seq., Rev. Codes 1935.) There is nothing in the testimony in this case, no facts legally proved, which warrants a deduction or inference that Savage had any motive for altering the contract without the knowledge and consent of plaintiff. In weighing the testimony of both plaintiff and defendant Gertrude Kern, the presumption referred to has been taken into consideration as evidence corroborating the testimony of Mrs. Kern."

Plaintiff contends that the court erred in bringing to its aid in weighing the evidence the presumption that Savage was innocent of crime or wrong and in giving undue weight to such presumption. The court, in weighing the testimony in the case, was warranted in bringing to its aid the presumption that Savage was innocent of wrong, and also in presuming that the alteration was made by Savage with plaintiff's knowledge and consent since Savage had sole and exclusive possession of one of the copies of the contract which contained the alteration in the same wording as it appeared on the one held by Kern.

These presumptions are, of course, rebuttable. Plaintiff flatly denied that he either knew of or consented to the alteration. He said that he first learned that it had been made after the death of Savage.

The record does not warrant the conclusion, contended for by plaintiff, that these presumptions were the sole evidence in the record supporting finding in favor of defendant Gertrude Kern. As we held in the former appeal, there was sufficient evidence produced by Mrs. Kern to warrant findings in her favor, if believed. She testified that plaintiff told her that in the event of death the survivor would get the property, and this she inferred meant there was a joint tenancy.

As we pointed out in the other case, there was evidence introduced without objection of conversations had by Mrs. Kern with Savage that support her theory of the case. In this case the court expressly states that it disregarded those conversations. We need not, at this time, determine whether they were admissible. There was sufficient evidence, if believed, aside from them to warrant findings in favor of Gertrude Kern.

There being substantial evidence in the record to warrant the findings in favor of the defendant Gertrude Kern, and nothing appearing in the record to indicate that the court gave undue weight to the presumptions relied upon, we are not at liberty to interfere with the court's findings. (*Cook-Reynolds Co.* v. *Beyer*, 107 Mont. 1, 79 Pac. (2d) 658.)

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.